[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This pro se plaintiff has filed a 100-page, 430-paragraph complaint against various police officers, the Bloomfield Police Department and the Town of Bloomfield, seeking money damages. He styles his action as a civil rights action and it appears to be brought under 42 U.S.C. § 1983 and under the State Constitution.
The basis of his complaint arises out of the interrogation of the plaintiff and the search of his apartment. The way in which these matters were conducted is complained about and the plaintiff alleges the police officers were not adequately trained and supervised as to the proper and legal manner in which interrogations and searches and seizures should be carried out. The plaintiff claims that his rights under the federal and state constitution were violated by the defendants for all of these reasons.
As a result of the police search and interrogation the plaintiff was arrested, eventually tried and convicted and received a period of incarceration. (See Judgment of Superior Court, attached to defendant's memorandum.) The defendant's convictions were affirmed on appeal and to the court's knowledge no writ of habeas corpus has been issued calling the convictions into question. CT Page 13137
The defendants have now moved for summary judgment. The ordinary rules apply here. Summary judgment may not be granted if there is a genuine and material issue of fact.
1.
 Heck v. Humphrey, 129 L.Ed.2d 383 (1984), makes clear that "to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus. . . ." Id., p. 394.
At the same page the court goes on to say that
 . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed."
I have read the complaint in its entirety. I have also read the appeals the plaintiff took from his convictions which are reported at 211 Conn. 18 (1989) and 212 Conn. 31. It is clear that any allegations based on a violation of his rights due to the manner and mode of the interrogation the police conducted of the plaintiff would necessarily imply the invalidity of his conviction in the case decided in 211 Conn. 18. The confession in that case was alluded to in the arrest warrant and was noted by the court as evidence introduced at trial against the defendant.
However, as to the incident which led to the trial and appeal reported in 212 Conn. 31, the arrest warrant does not allude to any evidence seized from the defendant's bedroom as being in any way involved in the basis for arresting the defendant. The opinion of the Supreme Court doesn't even allude to the seizure CT Page 13138 of any evidence in its discussion of that case.
Any allegations the defendant now makes about the impropriety of interrogation would necessarily "imply the invalidity" of his conviction; on the basis of this record I cannot come to the same conclusion as to the allegations concerning the search and seizure conducted by the defendants.
The complaint is difficult to analyze; federal and state constitutional claims are interspersed and in each count allegations concerning the alleged impropriety of the interrogation are mixed together with allegations against the search and seizure. Only the Sixth Count appears to be based solely on the interrogation. I conclude as to this count and as to the claims in any counts alleging the impropriety of the interrogation or interrogation procedures or training a § 1983 claim does not lie. For the reason noted I can't reach the same conclusion as to Fourth Amendment claims made under § 1983.
2.
I further agree with the defendants that insofar as the plaintiff seeks to base his § 1983 claim on a specific violation of his rights brought about by the interrogation procedures, he must rely on cognizable federal rights. Section 1983 in itself doesn't create rights.
Insofar as the plaintiff bases his § 1983 claim regarding the interrogation procedures on the Fifth Amendment, it must also be dismissed since that amendment applies only to federal officers. Also the Sixth Amendment claim must fail as a basis for a § 1983 action insofar as it refers to the interrogation procedures or the search and seizure activities of the police — this amendment does not protect against improper conduct occurring prior to the initiation of formal criminal proceedings.
However, the plaintiff does claim a violation of his rights under the Fourth and Fourteenth Amendments and that is an appropriate basis for a § 1983 action based on the grounds of an unreasonable search and seizure.
3.
The defendants also argue they are immune from liability CT Page 13139 since they were performing discretionary actions. As long as official conduct doesn't violate "clearly established statutory or constitutional rights" there can be no liability under federal statute or the federal constitution, Harlow v. Fitzgerald,457 U.S. 800, 818 (1982). The unlawfulness must be apparent,Anderson v. Creighton, 483 U.S. 635, 640 (1987).
Since I have held that there can be no § 1983 claim based on the interrogation procedures, I will not address the qualified immunity claim made by these defendants regarding their actions during the interrogation or the procedures used to conduct interrogations.
As to the Fourth Amendment claim and the search and seizure conducted by these officers, I have read the search warrant affidavit and have examined the inventory. Some of the items seized were not explicitly referred to in the warrant as subject to seizure and are not contraband. Most of the items listed in the inventory upon return of the warrant seem to have a sufficient nexus with the criminal activity to justify their seizure (or give a qualified immunity despite seizure) even though they were not explicitly referred to in the warrant. U.S.v. Washington, 797 F.2d 1461, 1468 (CA 9, 1986); People v.Miller, 131 Cal.Rptr. 863 (Cal, 1976); State v. Terronova,716 P.2d 295 (Wash. 1986). However, an examination of the search warrant affidavit, the inventory and the arrest warrant affidavit do not provide the court with a sufficient basis to conclude there could be a nexus between the jacket seized and the criminal activity. Appropriate affidavits could have probably settled this question but they were not submitted and I can't say there no genuine issue as to material fact in light of the general rule that items seized not mentioned in a warrant cannot be seized absent the appropriate nexus to the suspected criminal activity.
4.
The defendants make the bald assertion that there is no direct cause of action for monetary damages based on violation of the Connecticut Constitution. I cannot accept this broad statement, I discussed this issue in a recent case, ElvisSantiago Jr. et al v. Fuller, CV 93-0521566S, Hartford Superior Court, 10/31/95, and adopt the position stated in that opinion to deny the defendants' summary judgment claim as to the claims made for monetary damages under the Connecticut Constitution. CT Page 13140
Corradino, J.